PARDON AND PAROLE BOARD — UPGRADING SALARIES If the presently employed interviewers do not possess the necessary qualifications as set forth in Section 3 of House Bill No. 1546, Second Session, Thirty-fourth Oklahoma Legislature, now codified as 57 O.S. 357 [57-357] (1974), they must be paid in accordance with salary provisions as scheduled prior to passage of said act, and any raises must be in accordance with that schedule. In the event said schedule provides for the salary increase to $10,500.00 after one year's employment it is legally permissible to implement that increase. However, if the schedule does not so provide, any salary increase must be in increments pursuant to the schedule in effect prior to the passage of House Bill No. 1546. The Attorney General is in receipt of your opinion request wherein you ask, in effect, the following question relating to House Bill No. 1546, Second Regular Session, Thirty-fourth Oklahoma Legislature, now codified as 57 O.S. 357 [57-357] (1974), concerning the upgrading of salaries of presently employed interviewers for the Pardon and Parole Board: Under the provisions of House Bill 1546, can the presently employed interviewers be given salary increases in accordance with the terms and conditions under which they were employed? Section 2 of House Bill 1546 sets forth the salary range for professional interviewers who meet the qualifications stated in Section 3 of said bill." The pertinent portion of Section 2 reads as follows: "The number and compensation of officials and employees, payable from the appropriation made in this act, shall be subject to the following schedule, and the minimum and maximum amounts as listed shall in no way constitute an appropriation, but are listed for the purposes of establishing salary ranges only: NUMBER "TITLE AUTHORIZED MINIMUM MAXIMUM Professional 4 $10,000 $12,500" Interviewer Section 3 of said bill states as follows: "Professional interviewers shall have a four-year degree from an accredited college or university, with a major in psychology, sociology or related areas of study. "All such qualified interviewers shall receive a beginning salary of not less than Ten Thousand Dollars ($10,000.00) per year and not more than Twelve Thousand Five Hundred Dollars ($12,500.00) per year. "Provided, however, nothing in this act shall disqualify any persons currently holding the position of interviewer from continuing to act in that capacity. Provided further, that persons holding the position of interviewer not having the qualifications provided herein on the effective date of this act shall remain in the same salary schedule they were in prior to the passage of this act." (Emphasis ours) The provisions of the above stated sections raise the questions: (1) do either or both of the presently employed interviewers possess the necessary qualifications as set forth in Section 3; and (2) will the salary schedule for interviewers lacking the necessary credentials for inclusion within the salary range of Section 2 provide for an increase in salary from the present amount of Eight Thousand Five Hundred Dollars ($8,500.00) to Ten Thousand Five Hundred Dollars ($10,500.00)? It is obvious that the answers to the above questions require factual information which can only be supplied by your agency, and it is necessary to answer your opinion request in the alternative. It is, therefore, the opinion of the Attorney General that your question must be answered as follows: if, as indicated by the body of your letter, the presently employed interviewers do not possess the necessary qualifications as set forth in Section 3, they must be paid in accordance with salary provisions as scheduled prior to passage of the act, and any raises must be in accordance with that schedule. In the event said schedule provides for the salary increase to $10,500.00 after one year's employment it is legally permissible to implement that increase. However, if the schedule does not so provide, any salary increase must be in increments pursuant to the schedule in effect prior to the passage of House Bill No. 1546, Second Session, Thirty-fourth Oklahoma Legislature, now codified as 57 O.S. 357 [57-357] (1974). (Michael Cauthron)